UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEBASTIAN HOLDINGS, INC.,        :
                                 :
    Plaintiff,                   :
                                 :
v.                               :        CASE NO. 3:08CV1131(RNC)
                                 :
MICHAEL J. KUGLER, ET AL.,       :
                                 :
    Defendants.                  :

## RULING ON MOTION TO COMPEL

Pending before the court is the defendant's Motion to Compel, doc. #76. The motion is GRANTED IN PART AND DENIED IN PART, as set forth herein.

The parties are engaged in jurisdictional discovery regarding the principal place of business of the plaintiff, Sebastian Holdings, Inc. The complaint alleges that the plaintiff's principal place of business is in the Principality of Monaco. The plaintiff produced an affidavit from its sole director, Alexander M. Vik, with representations suggesting that the company's principal place of business is in Monaco (the "Vik Affidavit").[1]

The defendants, who are Connecticut domiciliaries, believe that the plaintiff's principal place of business might in fact be an office in Greenwich, Connecticut. If they are right, diversity jurisdiction would not exist in this court, and the

---

[1] The affidavit was submitted in support of an earlier motion to dismiss, doc. #17, which was subsequently withdrawn. (See docs. #25-27.)

case might be subject to dismissal.[2] The defendants have therefore issued discovery intended to test Mr. Vik's representations. In addition to questions about the plaintiff corporation's offices and activities in Monaco and Greenwich, defendants have also propounded questions about the work habits and travels of Mr. Vik, the sole director, which they contend are aimed at discovering where the company's decision-making takes place.

The parties are in agreement that jurisdictional discovery is appropriate; their disagreement is as to scope. In particular, plaintiff seeks to limit the time period for which it must respond, and it seeks to limit the extent to which defendants can inquire into Mr. Vik's personal life for evidence that his decision-making takes place in Greenwich rather than Monaco.

I. Standard of Review

"A district court has wide latitude to determine the scope of discovery." Frontera Res. Azer. Corp. v. State Oil Co. of the

---

[2]The plaintiff's original complaint included a claim under federal securities law, which Judge Chatigny dismissed on motion. (See docs. #45-46.) Plaintiff has moved to amend its complaint to restate its federal securities claim. The defendants have objected to the amendment on grounds of, *inter alia*, undue delay. (See doc. #69.) They also object to the amendment on substantive grounds but have agreed to reserve those objections for now and to file a single dispositive motion, upon completion of jurisdictional discovery, addressing both the viability of the securities claim and the diversity issue.

Azer. Republic, 582 F.3d 393, 401 (2d Cir. 2009)(internal citations and quotation marks omitted)(discussing discovery regarding personal jurisdiction over a foreign corporation). The pending motion requires the court to determine what scope of discovery is relevant in determining the plaintiff's principal place of business for diversity purposes.

This court has jurisdiction over civil actions where the amount in controversy is greater than $75,000, excluding interest and costs, and is between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)-(b). Satisfaction of § 1332(a)'s requirements for diversity is determined as of the time the lawsuit is filed. Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999). The burden of proof for establishing diversity jurisdiction is on the party asserting it. Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1194 (2010). When jurisdiction is challenged, the party asserting jurisdiction must support its allegations with competent proof. Id. at 1194-95.

A recent Supreme Court decision clarified that a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Id. at 1186. The Court rejected more complicated jurisdictional tests, adopting instead a "'nerve

3

center' approach, which ordinarily equates that 'center' with a corporation's headquarters." Id. at 1993.

III. Discussion

The defendants served a series of production requests. Plaintiff responded in part, but it objects as to the scope of certain requests.

First, the plaintiff objects to some requests as overly intrusive on the private affairs of the plaintiff's director, Mr. Vik. It argues that detailed discovery into his travel, residences, and telephone records is not relevant to determining the principal place of business of the corporation.

Secondly, as to many of the requests, plaintiff has produced responsive documents for about seven months prior to the filing of this lawsuit. Arguing that diversity is determined as of the time of filing of the lawsuit, plaintiff objects to the relevance of any longer period of time. The defendants seek responsive documents for a longer period– generally, January 1, 2005 to December 31, 2008.

As to both issues, the defendants argue that this case is unusual because, unlike most corporations, plaintiff has only one director and its citizenship therefore essentially follows his physical presence. Therefore, they contend, the court should permit the kind of discovery that might be permitted in a case involving an individual defendant's

4

domicile[3], testing Mr. Vik's past habits and his long-term intent to reside in one location or another, as well as the company's longer-term habits.

Defendants do not point to any case in which a corporation's principal place of business was determined in this manner, and their argument appears to improperly disregard the plaintiff's corporate form.  Although the existence of only one director might make it more difficult for the defendants and the court to pin down the corporation's primary place of business, it is not grounds for completely disregarding the plaintiff's valid corporate form in determining the scope of discovery.  See, e.g., Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 186 (2d Cir. 1998)(noting, in upholding denial of jurisdictional discovery as to foreign corporation's relationship with a subsidiary, that "[t]he rules governing establishment of

---

[3]In their brief, the defendants cite a series of individual domicile cases.  Domicile "has been described as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Seales v. Panamanian Aviation Co., No. 07-CV-2901(CPS)(CLP), 2009 WL 395821, *6 (E.D.N.Y. Feb. 18, 2009). An evaluation of the domicile of a peripatetic individual therefore necessarily requires some inquiry into the individual's travel history and habits. See id. (reviewing, *inter alia*, the individual plaintiff's passport records, dates of travel, driver's license history, statements to government officials about his residency, and mailing address.)

jurisdiction over . . . a foreign corporation are clear and settled, and it would be inappropriate for us to deviate from them or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards").

Because satisfaction of the requirements of diversity is determined as of the time the lawsuit was filed, the defendants are entitled to discovery regarding the plaintiff's principal place of business as of that time and for a short period of time prior to the commencement of the case.

Moreover, although the court will permit some properly limited discovery regarding where and how Mr. Vik directed business on behalf of the plaintiff, wholesale discovery into all the details of his travel and his personal and business affairs is not warranted.

As to requests # 3(b), 5, 6, 7, 8, 15, 16[4] and 17, the

---

[4] As to Request #16, at oral argument, defense counsel explained that he was not seeking production of plaintiff's financial records; only documents substantiating Mr. Vik's declaration, in the Vik Affidavit, that those records are stored at the locations in Monaco. To the extent the plaintiff objects to this request on grounds of burdensomeness, it has failed to carry its burden. "[A] party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden." Schiavone v. Northeast

6

defendants' motion is granted in part and denied in part. The plaintiff shall produce, to the extent it has not already produced, any responsive documents in its possession, custody or control for the period of January 1, 2008 through July 29, 2008.[5]

At the request of defendants' counsel in open court, the motion to compel is withdrawn as to Requests #1(a), 11, 18(a) and 20(b).

As to Request #25, the defendants' motion is granted in part and denied in part. The plaintiff shall produce, to the extent it has not already produced, any responsive documents in its possession, custody or control for the period of January 1, 2008 through July 29, 2008. As to all subsections, defendants' counsel represented that this request seeks only information about the location of the assets or portfolios, not their values or performance.

As to Requests #3(b), 4, 20(a) and 21, the defendants'

---

Utilities Serv. Co., NO. 3:08CV429(AWT)(DFM), 2009 U.S. Dist. LEXIS 24517, 5-6 (D. Conn. Mar. 25, 2009)(internal citation and quotation marks omitted). The plaintiff has not submitted any such evidence.

[5]The word "control" means more than mere possession. "Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand." In re Ski Train Fire of November 11, 2000 Kaprun Aus., MDL Docket #1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987 at *13-14 (S.D.N.Y. May 16, 2006).

7

motion is denied because Mr. Vik's personal residence is not at issue.

As to Requests #9, 10, 13 and 14, the defendants' motion is denied.  The requests as written are overly broad and invasive of a non-party's personal affairs.  This order is without prejudice to the defendants examining Mr. Vik at deposition about his travels insofar as relevant to determining "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1186 (2010).

As to Request #19, the defendants' motion is denied because the request is not relevant to the question of whether the plaintiff's principal place of business is in Monaco or in Greenwich.

As to Requests #2 and 12, the defendants' motion is granted in part and denied in part. As to the 220 Account, the request is moot given plaintiff's representations in open court that responsive documents have been or will be produced.  As to the other accounts, the defendants explain that they do not seek transactional details but only the final balance on each account so as to compare the balances on each account.  Defendants argue that this is relevant in light of Mr. Vik's representations, in his affidavit,

regarding the relative size of plaintiff's Greenwich portfolio versus its portfolios managed in other countries. The plaintiff did not object to producing statements in the redacted form proposed by the defendants. Therefore, the plaintiff shall produce, to the extent it has not already produced, any responsive documents in its possession, custody or control for the period of January 1, 2008 through July 29, 2008. Transactional details may be redacted, but the final balance on each statement shall be unredacted.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 12th day of November, 2010.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```